UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :         CHAPTER 13

DAVID REPYNECK                      :         CASE NO. 2017-15975
                                    :         Date: -3/07/2019
                                              Time:  9:30 a.m.
                                              Place:  Courtroom 1
                                              400 Washington Street
                                              Reading, PA  19601

## MOTION TO MODIFY CONFIRMED  PLAN

TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

AND NOW, this 12th day of February  2019, Debtor, David Repyneck, by and through

his attorneys, Eastburn and Gray, P.C., moves this Court to modify the Confirmed Plan for the

following reasons:

### I.  JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28.U.S.C. §§157 and 1334 and

    11 USC §1329.

2.  Venue if proper pursuant to 28 U.S.C. §§1408 and 1409.

3.  The predicate for the relief sought herein is §105 of Title 11 of the United States

    Bankruptcy Code (the "Bankruptcy Code) and Rule 2004.

### II.  BACKGROUND

4.  On September 5, 2017, David Repyneck  (Debtor) filed a Chapter 13 petition.

5.  On May 3, 2018, the Court confirmed Debtor's Fourth Amended Chapter 13 plan (the

    "Plan").  (Dkt 25).  A true and correct copy of the Plan is attached hereto and

    incorporated herein as Exhibit "A".

6. Under the terms of the Plan as originally confirmed (Dkt. 22), Debtor proposed to make additional payments at $1,045 per month to the Chapter 13 Trustee ("Trustee") for 54 months. Debtor also agreed to make payments of $3,360 per month directly to his secured lender, USAA Federal Savings Bank.

7. The Total Base Amount is $61,116.64.  The Chapter 13 Trustee Online Case Status System report is attached hereto and incorporated herein as Exhibit "B"

8. The Plan pays $5,854.45 for the car loan secured by a 2007 Dodge Journey ("Dodge Journey").

9. The bankruptcy purpose for this case was satisfaction of the mortgage arrears to save the Debtor's residence.

10. On October 2, 2018, the Dodge Journey sustained extensive hail damage.

11. USAA Insurance declared the Dodge Journey a total loss.

12.  On December 26, 2018,   USAA Insurance paid $5,135.07 to the Chapter 13 Trustee. Exhibit "B"

13. Upon payment to USAA Federal Savings Bank by the Chapter 13, Trustee, the car loan will be satisfied.

14. The Chapter 13 Trustee has paid $719.38 to USAA Federal Savings Bank from plan payments. Exhibit "C".

15. The Chapter 13 Trustee paid the balance of POC #3 to USAA Federal Savings Bank from the insurance proceeds which were received "other than under the plan," thereby, satisfying POC #3.

16. Debtor's obligation to USAA Federal Savings Bank has been or will be discharged based upon payment of such claim other than under the Plan.  Exhibit "D".

17. Debtor's wife is disabled due to a work related injury she suffered on October 29, 2017

and she is now receiving Worker's Compensation benefits.

### III. RELIEF REQUESTED AND BASIS THEREFOR

18. 11 USC §1329 provides as follows:

(a) At any time after confirmation of the plan but before the completion of payments
under such plan, the plan may be modified, upon request of the debtor, the trustee, or the
holder of an allowed unsecured claim, to—

(1)  increase or reduce the amount of payments on claims of a particular class
provided for by the plan;
(2)  extend or reduce the time for such payments;
(3)  alter the amount of the distribution to a creditor whose claim is provided for by
the plan to the extent necessary to take account of any payment of such claim other
than under the plan; or .....

24. 11 U.S.C. § 1329 provides that other provisions of the Code are applicable to post-

confirmation modifications, including §§ 1322(a) and (b) and 1325(a).

25. Debtor will give notice to all creditors holding allowed claims in the confirmed Chapter

13 plan and to the standing Chapter 13 trustee.

26. This notice, which would require an opportunity for hearing before the Court, would give

all affected creditors the ability to object to the modification and to be advised of the

impact that a modification of plan payments would have on each creditor.

27. Debtor reasonably believes that the modification would only have an impact on Proof of

Claim 3 filed by USAA Federal Savings Bank.

28. Without the modification, Debtor will be required to continue paying for a car loan that

has been or will be satisfied.

29. Debtor proposes that the Plan be modified to pay $807.66  per month for forty-three (43)

months.

30. A proposed 5th Amended Plan is attached as Exhibit "E".

WHEREFORE, Debtor moves the Court to modify the Confirmed Plan to eliminate all

further payments on Proof of Claim 3 and to reduce the monthly payment to $807.66.


EASTBURN AND GRAY, P.C.

Date: February 12, 2019

By:     /s/ David L. Marshall
        David L. Marshall, Esquire
        Attorney for Debtor
        Attorney I. D. No. 19356
        Eastburn and Gray, P.C.
        60 East Court Street
        Doylestown, PA 18901
        (215)345-7000
        Fax No. 215-345-9142

**EXHIBIT "A"**

**L.B.F. 3015.1-1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                Case No.:    201715975    -REF

David Repyneck                        Chapter:    13

Debtor(s)

# Chapter 13 Plan

☐

☑ Fourth        **AMENDED**

Date: 04/02/2018

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

**Part 1:  Bankruptcy Rule 3015.1 Disclosures**

☐ Plan contains non-standard or additional provisions – see Part 9
☐ Plan limits the amount of secured claim(s) based on value of collateral
☐ Plan avoids a security interest or lien

**Part 2:  Payment and Length of Plan**

**§ 2(a)(1)  Initial Plan:**
　　**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 0.00
　　Debtor shall pay the Trustee $ _____ per month for ____ months; and
　　Debtor shall pay the Trustee $ _____ per month for ____ months.
☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(a)(2)  Amended Plan:**
　　**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 61,116.64
The Plan payments by Debtor shall consists of the total amount previously paid ($4,686.64) added to the new monthly Plan payments in the amount of $ 1,045.00  beginning  4/5/18 (date) for  54  months.
☐ Other changes in the scheduled plan payments are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

**§ 2(c)** Use of real property to satisfy plan obligations:

☐ Sale of real property
See § 7(c) below for detailed description

☐ Loan modification with respect to mortgage encumbering property:
See §7(d) below for detailed description

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

## Part 3:  Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Lehigh County Domestic Relations | 507(a)(1) Domestic support | $ 622.98 |

**§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

## Part 4: Secured Claims

### § 4(a) Curing Default and Maintaining Payments

- [ ] **None.** If "None" is checked, the rest of § 4(a) need not be completed.
- [ ] The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing.

| Creditor | Description of Secured Property and Address, if real property | Regular Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable(%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
| USAA Federal Savings Bank | 2265 Silver Creek Road, Hellertown | $ 2,360.00 | $ 39,975.31 | | $ 39,975.31 |

### § 4(b) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

- [ ] **None.** If "None" is checked, the rest of § 4(b) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
| USAA | 2009 Dodge Journey | $ 5,854.00 | 1.99 | $ 2,247.00 | $ 5,854.45 |

### § 4(c)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506
☐ **None.**  If "None" is checked, the rest of § 4(c) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ % | $ _____ |
| _____ | _____ | _____ | _____ % | $ _____ |

### § 4(d)  Surrender
☑ **None.**  If "None" is checked, the rest of § 4(d) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. § 362(a) with respect to the secured property terminates upon confirmation of the Plan.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |

## Part 5:  Unsecured Claims

### § 5(a)  Specifically Classified Allowed Unsecured Non-Priority Claims
☑ **None.**  If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
|  |  |  |  |  |

### § 5(b)  All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test *(check one box)*

☐ All Debtor(s) property is claimed as exempt.

☑ Debtor(s) has non-exempt property valued at $ 18,530.00      for purposes of § 1325(a)(4)

(2) **Funding: § 5(b) claims to be paid as follows** *(check one box)*:

☑ Pro rata
☐ 100%
☐ Other (Describe)

## Part 6:  Executory Contracts & Unexpired Leases

☑ **None.**  If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|----------|------------------------------|------------------------------------------|
|          |                              |                                          |

## Part 7:  Other Provisions

### § 7(a)  General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*
☑ Upon confirmation
☐ Upon discharge

(2)  Unless otherwise ordered by the court, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3)  Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4)  If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§ 7(b)  Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1)  Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2)  Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3)  Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4)  If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5)  If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6)  **Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§ 7(c)  Sale of Real Property**
☑ **None.**  If "None" is checked, the rest of § 7(c) need not be completed.

☐ (1)  Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2)  The Real Property will be marketed for sale in the following manner and on the following terms:

(3)  Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4)  Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5)  In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

☐ Continuation sheet attached

**§ 7(d)  Loan Modification**
☑**None.**  If "None" is checked, the rest of § 7(d) need not be completed.

(1)  Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2)  During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender  in the amount of $_____per month, which represents _____ (**describe basis of adequate protection payment**).  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)  If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:** Trustee Commissions*
**Level 2:** Domestic Support Obligations
**Level 3:** Adequate Protection Payments
**Level 4:** Debtor's attorney's fees
**Level 5:** Priority claims, pro rata
**Level 6:** Secured claims, pro rata
**Level 7:** Specially classified unsecured claims
**Level 8:** General unsecured claims
**Level 9:** Untimely filed, allowed general unsecured claims

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9:  Non Standard or Additional Plan Provisions

☑**None.**  If "None" is checked, the rest of § 9 need not be completed.          Add Non-standard provisions

☐ Continuation sheet attached

## Part 10:  Signatures

Under Bankruptcy Rule 3015(c), nonstandard or additional plan provisions are required to be set forth in Part 9 of the Plan.  Such Plan provisions will be effective only if the applicable box in Part 1 of this Plan is checked.  Any nonstandard or additional provisions set out other than in Part 9 of the Plan are VOID.   By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date: 04/02/2018 _____

s/David L.Marshal I
_____
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____

_____
Debtor

Date: _____

_____
Joint Debtor

**EXHIBIT "B"**

# Case Number 1715975

## Debtor Information

| | |
|---|---|
| Debtor 1 | DAVID A REPYNECK |
| Debtor 2 | |

## Trustee Information

| | |
|---|---|
| Trustee | Scott F. Waterman |

### Status

| | |
|---|---|
| Data Last Updated | Feb 11, 2019 |
| Total Paid into Plan | $21,252.03 |
| Petition Filed on | Sep 05, 2017 |

### Debtor's Latest Payments

| | | |
|---|---|---|
| EPAY | $1,045.00 | 02/05/2019 |
| EPAY | $1,045.00 | 01/07/2019 |
| OTHER | $5,135.07 | 12/26/2018 |

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Case Number | 1715975 | Filing Fee in Plan | $0.00 |
| Case Status | Active | Filing Fee Paid to Date | $0.00 |
| NDC Case Status | Active-Open | Date Petition Filed | 09/05/2017 |
| Balance on Hand | $13,089.96 | Date Plan Filed | 09/05/2017 |
| Last Receipt Date | 02/05/2019 | First 341 Meeting Date | 11/14/2017 |
| Last Receipt Amount | $1,045.00 | | |
| Last Disbursement Date | 02/05/2019 | Date Case Confirmed | 05/03/2018 |
| Total Plan Payments Required | $61,116.64 | Date Case Closed | |
| Total Paid into Plan | $21,252.03 | | |
| Total Paid to all Parties | $8,162.07 | | |
| Total Paid to Creditors | $6,473.67 | | |

### TRUSTEE INFORMATION

| | |
|---|---|
| Trustee Name | Scott F. Waterman |
| Trustee City | Reading, PA |
| Amount Paid to Date | $1,688.40 |

### JUDGE/ATTORNEY INFORMATION

| | |
|---|---|
| Judge Name | REF |
| Attorney Name | DAVID L MARSHALL ESQ |
| Attorney Fee in Plan | $0.00 |
| Attorney Paid to Date | $0.00 |
| Attorney Fee Paid Outside Plan | $0.00 |

### DEBTOR INFORMATION

| | Debtor 1 | | Debtor 2 |
|---|---|---|---|
| Debtor Name | DAVID A REPYNECK | Debtor Name | |
| Payroll Deduction Frequency | M | Payroll Deduction Frequency | |
| Payment Amount | $1,045.00 | Payment Amount | $0.00 |

### PLAN STEPS

### COURT DOCKET

| START DATE | END DATE | PAYMENT AMOUNT | PAYMENT FREQUENCY | START MONTH | END MONTH | PAYEE TYPE |
|---|---|---|---|---|---|---|
| | | $781.11 | M | 1 | 5 | DEBTOR |

| $781.09 | M | 6 | 6 | DEBTOR |
| $1,045.00 | M | 7 | 60 | DEBTOR |

**EXHIBIT "C"**

Disbursements for Claim

**Case: 17-15975      DAVID A  REPYNECK**

USAA FEDERAL SAVINGS BANK
% WEINSTEIN & RILEY PS
PO BOX 3978
SEATTLE, WA  98124-3978

Sequence:  30
Modify:
Filed Date:  11/16/2017 12:00:00AM
Hold Code:

Acct No: #6413 (2009 DODGE)

2009 DODGE JOURNEY - PIF UNDER PLAN

| | | | Debt: | $5,854.45 | Interest Paid: | $0.00 |
|---|---|---|---|---|---|---|
| Amt Sched: | $0.00 | | | | Accrued Int: | $0.00 |
| Amt Due: | $0.00 | | Paid: | $719.38 | Balance Due: | $5,135.07 |

| name | Type | Date | Check # | Principal | Interest | Total | Reconciled |
|---|---|---|---|---|---|---|---|
| **0030    USAA FEDERAL SAVINGS BANK** | | | | | | | |
| USAA FEDERAL SAVINGS BANK | | 11/20/2018 | 1059623 | $123.35 | $0.00 | $123.35 | |
| USAA FEDERAL SAVINGS BANK | | 10/19/2018 | 1058311 | $127.62 | $0.00 | $127.62 | 10/30/2018 |
| USAA FEDERAL SAVINGS BANK | | 09/21/2018 | 1057072 | $129.45 | $0.00 | $129.45 | 10/03/2018 |
| USAA FEDERAL SAVINGS BANK | | 08/17/2018 | 1055798 | $124.11 | $0.00 | $124.11 | 08/31/2018 |
| USAA FEDERAL SAVINGS BANK | | 07/24/2018 | 1054632 | $214.85 | $0.00 | $214.85 | 08/06/2018 |
| | | | Sub-totals: | $719.38 | $0.00 | $719.38 | |
| | | | Grand Total: | $719.38 | $0.00 | | |

**EXHIBIT "D"**

**David L. Marshall**

| | |
|---|---|
| **From:** | Barbara L. Flannery <bFlannery@readingch13.com> |
| **Sent:** | Tuesday, December 04, 2018 12:47 PM |
| **To:** | 5c5xv4jkp8ww@claims.usaa.com |
| **Cc:** | Rolando Ramos-Cardona; drepyneck1@verizon.net; David L. Marshall |
| **Subject:** | David Repyneck 17-15975-REF |
| **Attachments:** | 17-15975-3-Proof of Claim1.pdf; Crystal Reports - Disbursements for Claim.pdf |

ATTN:  Matt, USAA Total Loss

Matt,

I have attached the proof of claim filed by USAA regarding the 2009 Dodge Journey.  The total amount due on the claim is $5,854.45 of which we have sent $719.38 in payments to date.  I have also attached our disbursement record.  The balance due on this claim is **$5,135.07**.  Please mail the balance due made payable to **William C. Miller, Interim Trustee** the following address:

**P.O. Box 680**
**Memphis, TN 38101-0680**

The case number **17-15975/3** should be noted as the account number on the check.

Any balance left on the insurance payout may be refunded to the debtor.  If you have any questions, please do not hesitate to contact our office.

*Barbara L. Flannery*
Office Manager/Paralegal
Standing Chapter 13 Trustee - Reading
2901 St. Lawrence Avenue, Suite 100
Reading, PA 19606
Phone: 610-779-1313 Ext. 245
Fax: 610-779-3637
Email: bflannery@readingch13.com

*New Website:* **www.readingch13.com**
*Information:* **info@readingch13.com**

**ePAY Online Payment Option** *(now available to all debtors)*
*Please note, due to the passing of Trustee Reigle, all payments using the online ePay method* **DO NOT**
**CHANGE**. *Payments made by certified check or money order should be made payable to:*
*William C. Miller, Interim Trustee*
*P.O. Box 680*
*Memphis, TN 38101-0680*

CONFIDENTIALITY NOTICE:  This electronic transmission is strictly confidential to the Office of the Trustee and is intended solely for the addressee.  It may contain information which is covered by legal,

professional or other privilege.  If you are not the intended addressee, or someone authorized by the intended addressee to receive transmissions on the behalf of the addressee, you must not retain, disclose in any form, copy or take any action in reliance on this transmission.  If you have received this transmission in error, please notify the sender as soon as possible and destroy this message.

**Jane Voorhees**

| | |
|---|---|
| **From:** | MAILER-DAEMON <MAILER-DAEMON@hornetsecurity.com> |
| **Sent:** | Friday, January 04, 2019 3:46 PM |
| **To:** | Jane Voorhees |
| **Subject:** | Delivered: Subject: Repyneck |
| **Attachments:** | Delivery report |

This is the Mail-Delivery-Service.

Your message was successfully delivered:

       From: jvoorhees@eastburngray.com
       To: drepyneck1@verizon.net
       Subject: Repyneck

mx-aol.mail.gm0.yahoodns.net[98.136.96.73] reply 250 ok dirdel

**EXHIBIT "E"**

**L.B.F. 3015.1**

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

In re:                                    Case No.:   201715975

David Repyneck                            Chapter:    13

           Debtor(s)            **Chapter 13 Plan**

☐

☑ Fifth          **AMENDED**

Date:   02/12/2019

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.

**Part 1: Bankruptcy Rule 3015.1(c) Disclosures**

☐ Plan contains non-standard or additional provisions – see Part 9
☐ Plan limits the amount of secured claim(s) based on value of collateral – see Part 4
☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution – PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE**

○ **§ 2(a)(1) Initial Plan:**
       **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ _____
       Debtor shall pay the Trustee $ _____ per month for _____ months; and
       Debtor shall pay the Trustee $ _____ per month for _____ months.
       ☐ Other changes in the scheduled plan payment are set forth in § 2(d) ☐ None

◉ **§ 2(a)(2) Amended Plan:**
       **Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ 55,981.41
       The Plan payments by Debtor shall consists of the total amount previously paid ($ 21,252.00 ) added to the new monthly Plan payments in the amount of $ 807.66    beginning 3/5/19    (date) and continuing for 43    months.
       ☐ Other changes in the scheduled plan payment are set forth in § 2(d) ☐ None

1

**§ 2(b)  Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):** ⃝ (none)

**§ 2(c)  Alternative treatment of secured claims:**

☒ **None.**  If "None" is checked, the rest of § 2(c) need not be completed.

☐ **Sale of real property**
*See § 7(c) below for detailed description*

☐ **Loan modification with respect to mortgage encumbering property:**
*See § 4(f) below for detailed description*

**§ 2(d)  Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

A.  Total Priority Claims (Part 3)

    1.   Unpaid attorney's fees      $ 0.00

    2.   Unpaid attorney's costs      $

    3.   Other priority claims (e.g., priority taxes)      $ 0.00

B.  Total distribution to cure defaults (§ 4(b))      $ 0.00

C.  Total distribution on secured claims (§§ 4(c) &(d))      $ 0.00

D.  Total distribution on unsecured claims (Part 5)      $ 0.00

                    Subtotal      $ 0.00

E.  Estimated Trustee's Commission      $ 0.00    % as decimal   0.00%

F.  Base Amount      $ 0.00

**Part 3:  Priority Claims (Including Administrative Expenses & Debtor's Counsel Fees)**

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Counsel for debtor | Debtor's Counsel Fees 507(a)(2) | |

○ **§ 3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount**

⊙ **None.**  If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim.  *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

## Part 4:  Secured Claims

**§ 4(a) Secured claims not provided for by the Plan:**

☑ **None.**  If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Secured Property |
|---|---|
| ☐ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement. |  |
| ☐ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement. |  |

☑ **§ 4(b)  Curing default and maintaining payments**

☐ **None.**  If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Description of Secured Property and Address, if real property | Current Monthly Payment to be paid directly to creditor by Debtor | Estimated Arrearage | Interest Rate on Arrearage, if applicable (%) | Amount to be Paid to Creditor by the Trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

3

☑ **§ 4(c)  Allowed secured claims to be paid in full:  based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **None.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Description of Secured Property and Address, if real property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Total Amount to be paid |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

☑ **§ 4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☐ **None.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Collateral | Amount of Claim | Present Value Interest | Estimated total payments |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ % | $ _____ |
| _____ | _____ | _____ | _____ % | $ _____ |

4

○ **§ 4(e)  Surrender**
    ◉ **None.** If "None" is checked, the rest of § 4(e) need not be completed.

    (1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
    (2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
    (3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Secured Property |
|---|---|
|  |  |

☐ **§ 4(f)  Loan Modification**
    ☑ **None.** If "None" is checked, the rest of § 4(f) need not be completed.

    (1) Debtor shall pursue a loan modification directly with _____ or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

    (2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $_____per month, which represents _____ (***describe basis of adequate protection payment***). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

    (3) If the modification is not approved by _____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5:  General Unsecured Claims

☐ **§ 5(a)  Separately classified allowed unsecured non-priority claims**
    ☐ **None.** If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Basis for Separate Classification | Treatment | Amount of Claim | Amount to be paid |
|---|---|---|---|---|
|  |  |  |  |  |

**§ 5(b)  Timely filed unsecured non-priority claims**
    (1) Liquidation Test ***(check one box)***
      ☐ All Debtor(s) property is claimed as exempt.
      ☑ Debtor(s) has non-exempt property valued at $ 18,530.00  for purposes of § 1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

    (2) Funding: § 5(b) claims to be paid as follows ***(check one box)***:
      ☑ Pro rata
      ☐ 100%
      ☐ Other (Describe)

## Part 6:  Executory Contracts & Unexpired Leases

◉ **None.**  If "None" is checked, the rest of § 6 need not be completed.    ○ Show Part 6

| Creditor | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
|  |  |  |

## Part 7:  Other Provisions

### § 7(a)  General principles applicable to the Plan

(1) Vesting of Property of the Estate *(check one box)*

☑ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012, the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly.  All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b)  Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s).  Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

6

**§ 7(c)  Sale of Real Property**  (to propose sale, check 2(c) above)

☑ **None.**  If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within _____ months of the commencement of this bankruptcy case (the "Sale Deadline").  Unless otherwise agreed by the  parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all §4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C 363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(5) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8:  Order of Distribution

**The order of distribution of Plan payments will be as follows:**

**Level 1:**  Trustee Commissions*
**Level 2:**  Domestic Support Obligations
**Level 3:**  Adequate Protection Payments
**Level 4:**  Debtor's attorney's fees
**Level 5:**  Priority claims, pro rata
**Level 6:**  Secured claims, pro rata
**Level 7:**  Specially classified unsecured claims
**Level 8:**  General unsecured claims
**Level 9:**  Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

**Part 9:  Non Standard or Additional Plan Provisions**

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box    in Part 1 of this Plan is checked.  Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.**  If "None" is checked, the rest of Part 9 need not be completed.

☑ Part 9

**Part 10:  Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

Date:  _2/12/19_____        _s/David L Marshall_____
                             Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date:  _____        _____
                             Debtor

Date:  _____        _____
                             Joint Debtor

Clear Form                    8                    File this plan