IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David A. Repyneck<br>Debtor(s) | CHAPTER 13 |
| USAA FEDERAL SAVINGS BANK<br>Movant<br>vs. | NO. 17-15975 PMM |
| David A. Repyneck<br>Debtor(s) | |
| Scott F. Waterman<br>Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,027.23,** which breaks down as follows;

Post-Petition Payments:        October 2020 through March 2021 at $2,324.02/month
Suspense Balance:                  ($954.89)
Fees & Costs Relating to Motion:  $1,038.00
**Total Post-Petition Arrears    $14,027.23**

2. The Debtor(s) shall cure said arrearages in the following manner:

    a) Debtor shall submit a substantially complete loss mitigation application by March 31, 2021.

    b) Debtor shall obtain a trial modification by May 1, 2021

    c) Debtor shall obtain a permanent modification by July 1, 2021

3. Additionally, beginning on April 1, 2021, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 8, 2021

By: /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 3/26/2021

David L. Marshall
Attorney for Debtor(s)

Date: 3/29/2021

Rolando Ramos For
Scott F. Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this 21st day of April, 2021. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer Esq.

**Date: April 21, 2021**