United States Bankruptcy Court

Eastern District of Pennsylvania

In re:  Case No. 17-15975-pmm

David A. Repyneck  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4  User: admin  Page 1 of 2
Date Rcvd: Apr 21, 2021  Form ID: pdf900  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 23, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + David A. Repyneck, 2265 Silver Creek Road, Hellertown, PA 18055-2012 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 23, 2021  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 21, 2021 at the address(es) listed below:

**Name**    **Email Address**

DAVID L. MARSHALL
    on behalf of Debtor David A. Repyneck DMARSHALL@EASTBURNGRAY.COM
    eseckinger@eastburngray.com;marshalldr81618@notify.bestcase.com

KEVIN G. MCDONALD
    on behalf of Creditor USAA Federal Savings Bank bkgroup@kmllawgroup.com

KEVIN M. BUTTERY
    on behalf of Creditor USAA Federal Savings Bank cdigianantonio@rascrane.com

MATTEO SAMUEL WEINER
    on behalf of Creditor USAA Federal Savings Bank bkgroup@kmllawgroup.com

REBECCA ANN SOLARZ
    on behalf of Creditor USAA Federal Savings Bank bkgroup@kmllawgroup.com

ROLANDO RAMOS-CARDONA
    on behalf of Trustee SCOTT F WATERMAN ecfmail@readingch13.com

District/off: 0313-4 | User: admin | Page 2 of 2
Date Rcvd: Apr 21, 2021 | Form ID: pdf900 | Total Noticed: 1

ROLANDO RAMOS-CARDONA
    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com

SCOTT F WATERMAN
    ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David A. Repyneck <br>     Debtor(s) | CHAPTER 13 |
| USAA FEDERAL SAVINGS BANK <br>     Movant <br> vs. | NO. 17-15975 PMM |
| David A. Repyneck <br>     Debtor(s) | |
| Scott F. Waterman <br>     Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,027.23,** which breaks down as follows;

Post-Petition Payments:    October 2020 through March 2021 at $2,324.02/month
Suspense Balance:    ($954.89)
Fees & Costs Relating to Motion:  $1,038.00
**Total Post-Petition Arrears  $14,027.23**

2. The Debtor(s) shall cure said arrearages in the following manner:

    a) Debtor shall submit a substantially complete loss mitigation application by March 31, 2021.

    b) Debtor shall obtain a trial modification by May 1, 2021

    c) Debtor shall obtain a permanent modification by July 1, 2021

3. Additionally, beginning on April 1, 2021, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Sectoin 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 8, 2021

By: /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 3/26/2021

David L. Marshall
Attorney for Debtor(s)

Date: 3/29/2021

Scott F. Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this 21st day of April, 2021. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer Esq.

**Date: April 21, 2021**